Piers Gardner v. Surie Lefkowitz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand eighteen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
          ROSEMARY S. POOLER,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X

PIERS GARDNER,
          <u>Plaintiff-Appellee</u>,

          -v.-                    17-1265

SURIE LEFKOWITZ,
          <u>Defendant-Appellant.</u>

- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                    Jeffrey R. Berke, Berke & Berke, New York, NY.


FOR APPELLEE:                     James P. Cinque, Cinque & Cinque, P.C., New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED IN PART AND REMANDED**.

Defendant Surie Lefkowitz appeals from a March 30, 2017 order denying her motion to vacate a default judgment and for sanctions.   On appeal, Lefkowitz argues, inter alia, that the district court erred in concluding that: (1) service of process on Lefkowitz by Plaintiff Piers Gardner was proper; (2) Lefkowitz failed to demonstrate the existence of a meritorious defense; and (3) vacating the default judgment would prejudice Gardner.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gardner, an English barrister, alleged that he was retained by Lefkowitz in May 2002 to provide legal services to prevent the extradition of her brother from Austria to the United States, and that, after an initial payment in 2002, Lefkowitz breached her agreement to pay his fees.   Gardner filed a diversity suit in June 2005, and in October 2005 the district court entered a default judgment against Lefkowitz in the amount of $180,493.82.   Following prolonged proceedings, including a previous appeal to this Court, the district court issued an order on March 30, 2017, denying Lefkowitz's motion to vacate the default judgment and for sanctions.   This appeal follows.

**1.**     The district court concluded that Gardner effected service of the summons and complaint through so-called "nail and mail" service.   Lefkowitz contends that such alternate service is invalid because it is permitted by New

2

York Civil Practice Law and Rules § 308(4) only if Gardner exercised "due diligence" in attempting to effect service by personal delivery or delivery to a person of suitable age and discretion, and that Gardner failed to do so.

It is a close question, but service was acceptable in this case. The process server made three attempts at personal service of the summons and complaint, on June 17, 2005, at 10:20am; July 5, 2005, at 7:00am; and July 6, 2005, at 6:55pm. The process server also spoke with Lefkowitz's neighbor, who confirmed that Lefkowitz lived at the address at which service was attempted. These efforts were sufficient to permit Gardner's use of "nail and mail" service. See S.E.C. v. Reynolds, 112 F.3d 505, at *2 (2d Cir. 1996) (unpublished table opinion) (three attempts to effect personal service at an address confirmed by a neighbor to be the defendant's residence, "including two during non-business hours, satisfy the due diligence requirement").

**2.** The district court concluded that Lefkowitz "failed to 'present evidence of facts that, if proven at trial, would constitute a complete defense'" to Gardner's claims. Appellant's Appendix ("App'x") at 266 (quoting S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998)). "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks omitted). We review a district court's denial of a motion to vacate a default judgment for abuse of discretion. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006).

Lefkowitz argues that any agreement between her and Gardner is unenforceable, because Gardner has failed to produce a written retainer agreement or letter of engagement. However, the provision of New York law that she relies upon does not apply to a "representation where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services are to be rendered in New York." N.Y. Comp. Codes R. & Regs. tit. 22, § 1215.2(d). Lefkowitz has failed to present facts supporting the applicability of that provision to this case, where Gardner (an English barrister) provided legal services in Switzerland to contest an extradition from Austria.

3

Gardner contends that Lefkowitz agreed to pay the fees he incurred in contesting her brother's extradition, but Lefkowitz claims that she never had any contractual relationship with Gardner. Importantly, while Gardner alleges that Lefkowitz made a partial payment towards his fees in June 2002 via a wire transfer from a Brooklyn law firm, Lefkowitz does not contest the fact of this partial payment or that she made it. Rather, she evades the issue by simply asserting that the law firm did not serve as her lawyers. Under New York law, Lefkowitz's undisputed partial payment of Gardner's fees establishes an agreement sufficient to support Gardner's claims.[1] LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) (an agreement supporting an account stated claim "may be implied . . . if the debtor makes partial payment" (internal quotation marks omitted)).

Nevertheless, there is a substantial question as to whether Lefkowitz has a meritorious defense regarding the scope of her retention of Gardner. Lefkowitz's brother was purportedly extradited to the United States on June 9, 2002. But the vast majority of fees Gardner claims were incurred after the date of extradition. While Gardner claims Lefkowitz agreed that he would perform post-extradition work involving the United Nations Human Rights Committee, Lefkowitz's denial of agreement with Gardner implicitly raises a question of fact as to whether the scope of the parties' agreement encompassed services that resulted in such substantial fees. See LeBoeuf, 185 F.3d at 65.

Further proceedings are therefore required to determine the scope of the agreement between Gardner and Lefkowitz. We need not consider Lefkowitz's remaining arguments at this time.

---

[1] We assume that New York law governs. Lefkowitz's brief relies on New York law, and Gardner does not specify the law that he believes applies to this case. Any choice of law issues can be clarified, if necessary, in future proceedings.

The judgment of the district court is therefore VACATED insofar as it denied Lefkowitz's motion to vacate the default judgment, and the case is REMANDED for further proceedings consistent with this summary order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK